IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL RAINES, | ) |
|       Petitioner, | ) |
| v. | )   Case No. CIV-16-1036-R |
| JOHN B. FOX, Warden, FCI El Reno, | ) |
|       Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal Prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). United States District Judge David L. Russell referred the matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). The Petition has been examined pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] As discussed in further detail below, the Petition is properly characterized as a second or successive Motion to Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner was not convicted in this Court. It is therefore recommended that this case be **TRANSFERRED** in the interest of justice to the United States Court of Appeals for the Fifth Circuit. In the alternative, it is recommended the case be **DISMISSED** without prejudice for lack of jurisdiction.

---

[1] Rule 4 may be applied in the court's discretion to actions brought pursuant to 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing 2254 Cases in the United States District Courts.

## I. BACKGROUND

Petitioner is currently incarcerated at FCI-El Reno. Petitioner states he was indicted in the United States District Court for the Eastern District of Texas on one count of Conspiracy to Distribute and Dispense and Possess with Intent to Distribute and Dispense Methamphetamine, in violation of 21 U.S.C. § 846. (ECF No. 1:1). Petitioner pled guilty to this charge on January 21, 2009, Case No. 4:08-CR-00182-MAC-ALM-2. *Id.* Petitioner was sentenced to 175 months imprisonment. He was sentenced as a "career offender," a designation that resulted in a longer sentence. According to Petitioner, his sentence was enhanced because of two prior convictions under the Texas Health and Safety Code, § 481.112. (ECF No. 1:2).

Petitioner states he did not appeal his conviction and sentence but that he did file a motion attacking his sentence pursuant to 28 U.S.C. § 2255. According to Petitioner, the issues raised in his § 2255 motion were not the same issues he now seeks to raise. (ECF No. 1:1).

## II. CLAIMS RAISED

Petitioner contends two recent Supreme Court cases and one recent case from the Fifth Circuit Court of Appeals should be retroactively applied to reduce his sentence. *See Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 2563 (2015) (holding imposition of increased sentence for certain crimes under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process); *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 2250-2257 (2016) (state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic

offense); *United States v. Hinkle*, ___F.3d ___, 2016 WL 4254372, at *2 (5th Cir. 2016) (conviction under Texas Health & Safety Code section 481.112 cannot be used to enhance sentence under Armed Career Criminal Act).

## III. ANALYSIS

Although he purports to challenge the "execution" of his sentence pursuant to 28 U.S.C. § 2241, this Court's preliminary review of the Petition indicates that Petitioner is, in fact, challenging the validity of his sentence—a claim properly raised under 28 U.S.C. § 2255.

There is a well established distinction between the purpose of an application for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241, and the purpose of a motion attacking a sentence, brought pursuant to 28 U.S.C. § 2255. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The remedy provided under § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963). Rather, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e). Therefore, "a federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under [28 U.S.C.] § 2255, and in the district court that convicted and sentenced him[.]" *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). Section 2255

typically gives a federal prisoner one adequate and effective opportunity to test the legality of his detention in his initial § 2255 motion. *Id.* If that challenge fails, as Petitioner's did, then the prisoner cannot file a "second or successive" § 2255 motion in the district court *unless* "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h) (*citing* 28 U.S.C. § 2244). District courts typically "do[] not even have jurisdiction to deny the relief sought" in a prisoner's subsequent collateral attack on his federal conviction or sentence. *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006); *see also Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013) (citing 28 U.S.C. § 2255(e)).

The one exception where a prisoner can file a § 2241 petition rather than a § 2255 petition is contained in the "savings clause" of § 2255(e): "a federal prisoner may resort to § 2241 to contest his conviction if but only if the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of his detention.'" *Prost*, 636 F.3d at 580 (quoting 28 U.S.C. § 2255(e)). But the circumstances under which the savings clause might apply are "extremely limited," and do not apply here. Moreover, it is the prisoner's burden to show that the remedy provided by § 2255 is inadequate or ineffective. *Id.* at 584.

"[T]he mere fact [a prisoner] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Instead, the opportunity to seek a § 2255 remedy must be deemed "genuinely absent" before a prisoner may properly file a § 2241 application. *Prost*, 636 F.3d at 588. In *Prost*, the Tenth Circuit rejected the prisoner's argument that an intervening Supreme Court decision provided a basis for him to proceed under the savings clause, because the prisoner was not barred by any defect in the § 2255 process from bringing such a claim in his initial § 2255 motion. *Id.* at 589 The Tenth Circuit rejected the prisoner's argument that an intervening Supreme Court decision in *United States v. Santos*, 553 U.S. 507 (2008), provided a basis to bring a claim under the savings clause, because he could have raised a similar claim in his § 2255 motion. In this case, for example, Petitioner could have challenged the constitutionality of the Armed Career Criminal statute in his first § 2255 motion, even without the new cases he cites. An example of a "genuinely absent" remedy might be when the original sentencing court has been abolished or dissolved, and the petitioner has nowhere to file a § 2255 motion. *See id.*; *see also Caravalho*, 177 F.3d at 1178 (listing cases).

Petitioner seeks habeas relief consisting of resentencing "absent the career offender enhancement." (ECF No. 1:4). Petitioner contends he is entitled to habeas relief under the savings clause of § 2241 because the cases upon which he relies were decided after the limitations period for bringing a § 2255 challenge to his sentence in the Eastern District of Texas expired. But contrary to Petitioner's argument, Petitioner

5

does have an available remedy: Petitioner may seek authorization from the Fifth Circuit Court of Appeals to file a second or successive § 2255 Motion. *See* 28 U.S.C. § 2255(h)(1)-(2) (second or successive motion based on new rule of constitutional law may be authorized by panel of appropriate court of appeals); *See also In re Encinias*, 821 F.3d ___, 2016 WL 1719323, (10th Cir. Apr. 29, 2016) (granting petitioner's motion for authorization to file a second or successive motion for relief under § 2255, relying on § 2255(h)(2), and noting that "[t]he Supreme Court recently made *Johnson*'s holding retroactive to cases on collateral review in *Welch v. United States*, ___ U.S. ___, 2016 WL 1551144, at *8 (Apr. 18, 2016))."

This court expresses no opinion as to whether the Fifth Circuit would grant Petitioner leave to file a second or successive § 2255 motion, or whether Petitioner would be entitled to relief under *Johnson*. *See Encinias*, 2016 WL at *1 (noting that to grant authorization, the circuit court need only decide whether "it appears reasonably likely that the application satisfies the stringent requirements of the filing of a second or successive petition," leaving definitive disposition of that question to the district court (*quoting Case v. Hatch*, 731 F.3d 1015, 1028 (10th Cir. 2013) (internal quotation marks omitted)).[2] The Court finds it lacks jurisdiction to review Petitioner's application under § 2241. *Abernathy*, 713 F.3d at 557 ("[W]hen a federal petitioner fails to establish that

---

[2] The Court notes that a § 2255 motion relying on a newly-recognized right must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court[.]" 28 U.S.C. § 2255(f)(3). The one-year period prescribed by § 2255(f)(3) runs from the date the Supreme Court *initially recognized the asserted right*, and not from the date it was found to be retroactive. *See Dodd v. United States*, 545 U.S. 353, 359 (2005). The Supreme Court decided *Johnson* on June 26, 2015.

6

he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims.").

This Court may, in the interest of justice, transfer this case to the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 1631 (where court finds want of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed[.]"). *See also In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (when second or successive § 2255 claim is filed in district court without the required authorization from court of appeals, district court may transfer the matter to court of appeals if it determines it is in the interest of justice to do so under § 1631, or dismiss the motion or petition for lack of jurisdiction).

## RECOMMENDATION

Having determined that it is in the interest of justice to transfer this case to a court with jurisdiction, it is recommended that the Petition for Habeas Corpus (ECF No. 1) be **TRANSFERRED TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT** pursuant to 28 U.S.C. § 1631. In the alternative, it is recommended the case be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## NOTICE OF RIGHT TO OBJECT

Petitioner is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **October 14, 2016.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2).

Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF THE REFERRAL**

This Report and Recommendation terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on September 27 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE