# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL RAINES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-16-1036-R |
| | ) | |
| JOHN B. FOX, Warden, FCI El Reno, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On September 27, 2016, Judge Erwin issued a Report and Recommendation wherein he recommended that the Court characterize the petition as a Motion to Vacate filed pursuant to 28 U.S.C. § 2255, and that it either be transferred to the Fifth Circuit Court of Appeals to permit that Court to determine whether Petitioner should be granted leave to file a second or successive petition, or that the petition be dismissed. Judge Erwin noted that the instant petition challenges the sentence received by Petitioner in a case pursued by the United States in the Eastern District of Texas based on his career offender status and seeks to raise a challenge under *Johnson v. United States*, --- U.S. ---, 135 S.Ct. 2551, 2563 (2015) and *Mathis v. United States*, --- U.S. ---, 136 S.Ct. 2243, 2250-57 (2016). Judge Erwin concluded the relief sought is not properly pursued under 28 U.S.C. § 2255, and that either transfer or dismissal is appropriate. The matter is currently before the Court on Petitioner's timely objection to the

Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Petitioner begins his objection by noting that he was not eligible to rely on *Johnson* until the Supreme Court's June 2016 decision in *Mathis*. He contends, however, that by the time the decision in *Mathis* was issued, the one-year limitations period set forth in § 2255(f) had expired for any *Johnson* claim he might have. He requests transfer to the Fifth Circuit if the Court concludes that *Mathis* is a new rule of constitutional law. If the Court concludes otherwise, however, he contends that this Court has jurisdiction over his petition under § 2241, because he could not have brought a timely *Johnson* claim in light of the later decision in *Mathis*. The Court declines to determine whether *Mathis* is a new rule of constitutional law applicable retroactively to Mr. Raines so as to render one or more of his post-conviction claims timely.[1] Furthermore, the fact that Petitioner may have missed the window of opportunity for pursuing a *Johnson* claim in the appropriate forum is not a basis for invoking the savings clause of 28 U.S.C. § 2255(e), which permits a prisoner to challenge the validity of his sentence pursuant to 28 U.S.C. § 2241 where § 2255 is "inadequate or ineffective to test the legality of his detention." *Abernathy v. Wandes*, 713

---

[1] The Court notes that none of the Courts that have considered the issue have concluded that that *Mathis* announced a new rule of constitutional law. *See Dimott v. United States*, 2016 WL 6068114 (D.Me. Oct. 14, 2016); *Crawford v. United States*, 2016 WL 5402967 (E.D.Mi. Sept. 28, 2016); *In re Lott*, --- F.3d ---, 2016 WL 5349745 (5th Cir. 2016); *Henderson v. United States*, --- F.Supp.3d –, 2016 WL 4987898 (W.D.Mo. 2016*); Dawkins v. United States*, No. 16-2683, ___ F.3d ____, 2016 WL 3854238, at *2 (7th Cir. July 15, 2016); *King v. United States*, No. 16-22261-CIV, 2016 WL 4487785, at *9 (S.D. Fla. Aug. 24, 2016).

2

F.3d 538, 547 (10th Cir. 2013). As noted by the court in *Hale v. Fox*, 829 F.3d 1162, 1171 (2016), procedural default of a claim or application of the statute of limitations does not render a § 2255 motion inadequate or ineffective. *See also Prost v, Anderson*, 636 F.3d 578 (10th Cir. 2011). Furthermore, Petitioner bears the burden of establishing that the savings clause set forth in § 2255(e) is applicable, and he has failed to meet his burden. For the reasons set forth in the Report and Recommendation, the Court hereby rejects Petitioner's contention that he could not have earlier challenged application of the career offender enhancement.

The Report and Recommendation is hereby ADOPTED to the extent it recommends dismissal of the instant petition. In light of Petitioner's request that the Court transfer the action to the Fifth Circuit Court of Appeals only if it concludes that *Mathis* is to be applied retroactively, the Court declines to transfer this action as recommended in the Report and Recommendation.

**IT IS SO ORDERED** this 26th day of October, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE